*Sweeney & Stuart, for appellees.*

---

## JOSH IOGUES *v.* A. LEVI.

**Sales—False Representations by Purchaser.**

Where one purchased goods upon the false representation that he was a member of a certain firm, and the goods were sold to the firm upon such representation, the purchaser can not escape personal liability by showing that his representations were false.

**Sales—Pleading—False Representations.**

Where one purchased goods and obtained credit on false representation that he was a member of a certain firm, it is not necessary in a suit against him on the debt to rely in the petition on such false representation, but it is sufficient to show that he obtained the credit and that he was a party to the transaction when the goods were sold, and claimed to be a member of the firm.

OPINION BY JUDGE LINDSAY:

There was evidence before the jury conducing to prove that Iogues represented himself to Levi to be a member of the firm of Flecher & Co., and that these representations were made at the time the account sued on was created. It was, therefore, proper to instruct that if the jury believed he so represented himself, and that the goods were sold to the firm upon the faith of his representations, they should find for the plaintiff. In this view of the case, he was a purchaser of the goods, a party to the contract, and the party to whom the credit was extended. To allow him to escape responsibility, by showing that his representations were false, would be to permit him to stultify himself, in order to escape the payment of a debt he had voluntarily contracted. It was not necessary to set up and rely on these representations in the petition. It was enough to show that he obtained the credit, and that he was a party to the transaction at the time the goods were sold, and claimed to be a member of the firm.

The bill of exceptions does not show that the affidavits on file were read on the motion for a new trial; but if it did we would not feel authorized to reverse on this account. The verdict is sustained by the evidence, and we cannot condemn the fact that the circuit judge permitted appellee's counsel to so far abuse his privilege as an attorney, as to authorize the interference of this court.

Judgment affirmed.

*Pirtle & McPhearson, for appellant.*

*J. H. Wilkinson, for appellee.*